IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TAYLOR DOLCE, on behalf of herself
and all others similarly situated,

       Plaintiff,

v.

THE LIV GROUP INC.,

       Defendant.

Case No.: 7:22-cv-03858-PMH

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DFEENSES TO
PLAINTIFF'S AMENDED
COMPLAINT**

Defendant The LIV Group Inc. hereby submits this Answer and Affirmative Defenses in response to Plaintiff's Amended Complaint as follows:

ANSWER

1.    <u>Partial admission/denial</u>.  Defendant admits Plaintiff's action alleges false, misleading, and deceptive advertising and packaging.  Defendant denies its advertising or packaging is false, misleading, or deceptive.

2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and on that basis denies the same.

3.    Defendant denies the allegations in Paragraph 3 of the Amended Complaint.

4.    Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

1

223053.1

5.     <u>Partial admission/denial</u>.  Defendant admits its website contains the quoted material.  Defendant otherwise denies the allegations in Paragraph 5 of the Amended Complaint.

6.     <u>Partial admission/denial</u>.  Defendant admits it changed its packaging but denies any of its packaging or marketing was or is untrue or deceptive. Defendant otherwise denies the allegations in Paragraph 6 of the Amended Complaint or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint and on that basis denies the same.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and on that basis denies the same.

8.     Defendant denies the allegations in Paragraph 8 of the Amended Complaint.

9.     Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint and on that basis denies the same.

11.    Defendant admits the allegations in Paragraph 11 of the Amended Complaint.

12.     Defendant admits the allegations in Paragraph 12 of the Amended Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint and on that basis denies the same.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and on that basis denies the same.

15.     Defendant admits the allegations in Paragraph 15 of the Amended Complaint.

16.     <u>Partial admission/denial</u>.  Defendant admits it "has marketed and sold the products at issue in this action within this judicial district and has done business within this judicial district."  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint and on that basis denies the same.

17.     Paragraph 17 contains a legal conclusion regarding choice of law principles and the applicable law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 17 of the Amended Complaint.

18.     Paragraph 18 contains a legal conclusion regarding choice of law principles and the applicable law, to which no response is required.  To the extent a

response is required, Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

19.     _Partial admission/denial_.  Defendant admits Brandin Cohen founded Liquid I.V.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint and on that basis denies the same.

20.     _Partial admission/denial_.  Defendant admits Liquid I.V. launched in December 2012.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint and on that basis denies the same.

21.     _Partial admission/denial_.  Defendant admits Liquid I.V. is sold through more than 35,000 online and brick and mortar sellers.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint and on that basis denies the same.

22.     _Partial admission/denial_.  Defendant admits Unilever acquired Liquid I.V. in September 2020.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and on that basis denies the same.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint and on that basis denies the same.

4

223053.1

24.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint and on that basis denies the same.

25.      <u>Partial admission/denial</u>.  Defendant admits its website contains the quoted material.  Defendant otherwise denies the allegations in Paragraph 25 of the Amended Complaint.

26.      Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27.      <u>Partial admission/denial</u>.  Defendant denies any suggestion or implication that its marketing is misleading.  Defendant admits homeostasis generally involves the regulation of cells.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint.

28.      Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29.      Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30.      Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31.      Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

223053.1

32.     Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34.     <u>Partial admission/denial</u>.  Defendant admits its website contains the quoted material.  Defendant also admits adequate hydration is critical to healthy bodily functions and dehydration can impair performance.  Defendant otherwise denies the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

36.     <u>Partial admission/denial</u>.  Defendant admits its website contains the quoted material.  Defendant otherwise denies the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint and on that basis denies the same.

39.     Defendant denies its marketing or labeling is deceptive.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint and on that basis denies the same.

6

223053.1

40.     Defendant denies its marketing or labeling is false or misleading. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint and on that basis denies the same.

41.     <u>Partial admission/denial</u>.  Defendant admits Plaintiff purports to bring this action on behalf of herself and others similarly situated.  Defendant denies class certification and the class definition are appropriate.

42.     <u>Partial admission/denial</u>.  Defendant admits Plaintiff purports to expressly disclaim any intent to seek any recovery in this action for personal injuries that she or any class member may have suffered.  Defendant denies class certification and the class definition are appropriate.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Amended Complaint and on that basis denies the same.  Defendant denies class certification and the class definition are appropriate.

44.     Defendant denies the allegations in Paragraph 44 of the Amended Complaint.  Defendant denies class certification and the class definition are appropriate.

45.     Defendant denies the allegations in Paragraph 45 of the Amended Complaint.  Defendant denies class certification and the class definition are appropriate.

223053.1

46.     Defendant denies the allegations in Paragraph 46 of the Amended Complaint.  Defendant denies class certification and the class definition are appropriate.

47.     Defendant denies the allegations in Paragraph 47 of the Amended Complaint.  Defendant denies class certification and the class definition are appropriate.

48.     Partial admission/denial.  Defendant admits Plaintiff purports to seek monetary damages, including statutory damages on behalf of the entire Class. Defendant otherwise denies the allegations in Paragraph 48 of the Amended Complaint.  Defendant denies class certification and the class definition are appropriate.

49.     Defendants replead and incorporate by reference, as if fully set forth herein, the responses in Paragraphs 1 through 48 of this Answer as set forth above.

50.     Defendant admits the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendant admits the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendants replead and incorporate by reference, as if fully set forth herein, the responses in Paragraphs 1 through 60 of this Answer as set forth above.

62.     Defendant denies the allegations in Paragraph 62 of the Amended Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Amended Complaint.

64.     Defendant admits the allegations in Paragraph 64 of the Amended Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

Defendant denies Plaintiff is entitled to any of the relief requested in the Amended Complaint. Defendant further denies all allegations not specifically and expressly admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, without admitting any allegation of the Amended Complaint not otherwise admitted and without assuming the burden when such burden would otherwise be on Plaintiff. Defendant reserves the right to assert any other defenses that ongoing fact investigation or discovery may reveal.

### FIRST AFFIRMATIVE DEFENSE

(Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and/or estoppel.

10

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Information and Reservation)

Defendant has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available in this action.  Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates they may be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

A.   That the Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

B.   That Plaintiff takes nothing by way of its Amended Complaint;

C.   That Defendant be awarded its costs of suit incurred in defense of this action, including reasonable attorney's fees; and

D.   For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues triable to a jury.

223053.1

Dated: June 21, 2022

Respectfully submitted,

William A. Delgado
DTO LAW
140 Broadway Center, 46th Floor
New York, NY 10005
Telephone: (213) 335-6999
Facsimile: (213) 335-7802
wdelgado@dtolaw.com

Megan O'Neill
(*pro hac vice* forthcoming)
Erik P. Mortensen
(*pro hac vice* forthcoming)
DTO LAW
2400 Broadway, Suite 200
Redwood City, CA 94063
Telephone: (415) 630-4100
Facsimile: (415) 630-4105
moneill@dtolaw.com
emortensen@dtolaw.com

Attorneys for Defendant
THE LIV GROUP INC.

12

223053.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: June 21, 2022                  */s/ William A. Delgado*
                                       William A. Delgado

13

223053.1